## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANGELA STEVENS, as Next Friend to and on Behalf of D.S., a minor<br><br>Plaintiff,<br><br>vs<br><br>(1) BERRYHILL BOARD OF EDUCATION<br>(2) BERRYHILL PUBLIC SCHOOLS<br>(3) LEVI BRADLEY as Next Friend of T.B., a Juvenile<br>(4) ZACH ARTERBERRY<br>(5) MEGAN ENNIS, Individually and in her capacity as a teacher at Berryhill Public Schools<br>(6) RONNA TAYLOR, Individually and in her capacity as a principal at Berryhill Public Schools<br>(7) JAMES FOX, Individually and in his capacity as principal at Berryhill Public Schools<br>(8) BRIAN HAILEY, Individually and in his capacity as a Assistant Principal at Berryhill Public Schools<br><br>Defendants. | Case No. 19-CV-637-JED-JFJ<br><br>**JURY TRIAL DEMANDED**<br><br>**ATTORNEY LIEN CLAIMED** |

### COMPLAINT

COMES NOW Plaintiff, Angela Stevens, as next fried of D.S., a minor child, by and through her attorney of record and for their complaint against the Defendants avers and states as follows:

### PARTIES

1. This is an action for violation of various civil rights, codified in the Federal Statutes, along with claims arising under state law against the Defendants in their individual capacities and as employees of agents of Berryhill Public Schools arising out of a

pervasive and repeated pattern of bullying, sexual harassment, and sexual discrimination against D.S.

2. Angela Stevens is a natural person who is the mother of D.S., a minor child and real party in interest. At all times relevant, she has been a resident of Tulsa County, located in the Northern District of Oklahoma.

3. Berryhill Public Schools is a public school system located in Tulsa County, located in the Northern District of Oklahoma.

4. Berryhill School Board is the governing body that governs and regulates the Berryhill School System, which is located in Tulsa County, located in the Northern District of Oklahoma.

5. Levi Bradley is the natural father and next friend of T.B. is a juvenile and a natural person that at all times relevant is a resident of Tulsa County, located in the Northern District of Oklahoma.

6. Zach Arterberry is a natural person that at all times relevant was a resident of Tulsa County, located in the Northern District of Oklahoma.

7. Megan Ennis is a natural person and a teacher, employed at the Berryhill School District, and at all times relevant was a resident of Tulsa County, located in the Northern District of Oklahoma.

8. Ronna Taylor is a natural person and a principal, employed at the Berryhill School District, and at all times relevant was a resident of Tulsa County, located in the Northern District of Oklahoma.

9. James Fox is a natural person and a principal, employed at the Berryhill School District, and at all times relevant was a resident of Tulsa County, located in the Northern District of Oklahoma.

10. Brian Hailey is a natural person and a principal, employed at the Berryhill School District, and at all times relevant was a resident of Tulsa County, located in the Northern District of Oklahoma.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action because the Complaint involves claims under Title IX of the Education Amendments of 1972 (20 USC § 1681 *et. seq.*), Title VI of the Civil Rights Act of 1964 (42 USC 2000d), and 42 USC § 1983 for violations of the Due Process Clause of the 5th and 14th Amendments.

12. Both the Berryhill School Board and the Berryhill Public Schools accept Federal money to fund various programs. Said expenditures are directed by the School Board, but the money is actually spent at and for the benefit of the School. Therefore Title IX and Title VI is applicable to these Defendants.

13. Venue is proper in this judicial district under 28 USC 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within this judicial district.

14. This Court has personal jurisdiction over each of the Defendants because they reside or conduct business within this judicial district.

15. This Court has supplemental jurisdiction over the claims brought under Oklahoma Law. The Plaintiff asserts that he has complied with the Oklahoma Governmental Tort Claims

Act and that his claims have been denied. The Plaintiff has exhausted his state law remedies.

## FACTS COMMON TO EACH CLAIM

16. At all pertinent times, D.S. was a student at Berryhill Public Schools ("Berryhill").

17. At all pertinent times, D.S. was on an IEP (Individual Education Plan) as a result of learning disabilities and a diagnosis for ADHD.

18. D.S.'s biological mother was addicted to methamphetamine and habitually used during the pregnancy. Stunted growth was one of the complications resulted from D.S.'s biological mother's drug use. This stunted growth made D.S. a target of bullying at school. D.S. was subsequently adopted by Angela Stevens.

19. In 2016-2017 school year, when D.S. was in Seventh Grade, students at Berryhill forced D.S. into a locker. The locker was then closed with D.S. in it. This incident was reported to Principal Taylor and Coach Bullick.

20. T.B. hit D.S. in the face, resulting in a black eye in the seventh grade.

21. This incident was followed by a meeting with Principal Taylor, Principal Bridgeman, Brian Hailey, Coach Bullick, Coach Wyse, and Angela Stevens in an effort to resolve these matters. Ms. Stevens discussed pulling D.S. out of matches. The school implemented a "safety plan" that would put D.S. at the front of the bus. Mr. Hailey said that he would conduct an investigation. Plaintiff is unaware of anything that came from this investigation.

22. When D.S. would report the bullying to school teachers (and specifically Ms. Ennis), they would say, "He is going to tell his mommy!"

23. After repeated conferences with Ronna Taylor to report the instances of physical and verbal assaults, it was agreed that Angela Stevens could report these incidents directly to her and she would claim that the reports came from the "bully box" in order to protect D.S. from further mistreatment for "snitching".

24. Angela Stevens made numerous reports to Principal Taylor following this agreement, Despite these reports, the school did nothing to stop or curtail the bullying.

25. At one point in the school year, T.B. was placed in in-school suspension with D.S. While he was there, he struck D.S. in the head with a book and threatened to "whip D.S.'s butt".

26. Despite the assaults and patterns of behavior that had occurred and been reported, the school placed D.S. in the same classroom with T.B. for the following school year.

27. In eighth grade, Zach Arterberry pushed D.S. against the wall and punched him in the stomach. Mrs. Ennis was present for this assault. While she watched the entire event, she did nothing.

28. In January 2019, another student, known as M.P. slapped D.S. a number of times. This matter was reported to Principal Taylor. Nothing was done following this event because M,.P. was being suspended for a different offense.

29. In approximately February 2019, Zach Arterberry simulated a forced sex act (commonly referred to as "dry humping") on D.S. in the classroom. During the attack, Zach Arterberry unzipped his pants, exposing his crotch, and shoved it in D.S.'s face. Mrs. Ennis was present for the assault and merely took a picture of the event and laughed.

30. No action was taken by the school, despite being directly witnessed by school officials.

31. On April 29, 2019, the Zach Arterberry and T.B. were again present in Ms. Ennis's class with D.S.

32. Zach Arterberry and T.B. then took some tape from the Ms. Ennis's desk and taped D.S.'s mouth shut. When D.S. removed the tape, they taped his hands behind his back, tied his shoe-laces together, and forcibly pulled his pants down.

33. Zach Arterberry and T.B. then attempted to pull D.S.'s underwear down when Ms. Ennis said, "Enough".

34. Zach Arterberry then exposed his own penis and shoved it in D.S.'s face, touching D.S. with his penis. While he was doing this, he was saying, "You know you like it". Zach Arterberry went on to call D.S. a "faggot".

35. During the attack, another student was videoing the attack and posted the video to Snap-Chat, where it was circulated on the internet.

36. During the attack, another student held the door shut to prevent D.S. from escaping.

37. Finally, Ms. Ennis told Zach to "pull his pants up".

38. When the attack was over, D.S. attempted to flee the classroom to the hallway, where he believed he would be on camera. Ms. Ennis confronted him in the hallway and ordered him to return to the classroom.

39. Ms. Ennis failed to report the incident to the principal. The matter was reported the following day by D.S.'s parents.

40. No one at the school contacted DHS to report the abuse of D.S. by Zach Arterberry, an adult.

41. Ultimately, the school suspended T.B. and Zach Arterberry for the few days that remained in the year.

42. Following these events, during a conversation with Angela Stevens, Ronna Taylor, a school principal, said that she did not feel that D.S. was in an environment where he could learn in that classroom, so she had made it clear to the teacher that D.S. would receive a passing grade.

43. Principal Ronna Taylor went on to say that the number one priority of the school was to protect and the second was to educate. She then said, "I am sorry that we have failed [D.S.]."

44. The school report card reflects that D.S. did pass pre-algebra and the on-line class (Ms. Ennis's class), despite the fact that he did not have passing grades.

45. As a result of the continued bullying and mistreatment at the hands of the defendants, D.S. has attempted suicide and been hospitalized several times for depression and suicidal ideations.

## COUNT I - CLAIMS FOR VIOLATION OF
## TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 (20 USC 1681 et. seq.)

46. Berryhill Public Schools and the Berryhill Board of Education (collectively "the School") each receive Federal funding.

47. The School and its personnel permitted Zach Arterberry and T.B. to sexually harass D.S. by repeatedly permitting unwanted sexual contact.

48. The School and its personnel permitted Zach Arterberry to sexually assault D.S. by permitting him to "dry hump" and touch D.S.'s face with his crotch.

49. The School and its personnel permitted Zach Arterberry and T.B to discriminate against D.S. based upon their perception that he was homosexual.

50. The School: (1) remained deliberately indifferent to the acts of harassment of which it had actual knowledge, (i.e., a school supervisor / "appropriate person" knew that Arterberry and T.B. posed a substantial risk or danger of harming students) (2) the harassment was reported to or otherwise known by an "appropriate person" (i.e., the Principal and Assistant Principal) with the authority to take corrective action to end the discrimination, and (3) the harassment was 'so severe, pervasive and objectively offensive that it deprived D.S. of access to the educational benefits or opportunities provided by the School.

51. The School acted with deliberate indifference was deliberately indifferent through its failure to respond to the known harassment in a timely and reasonable manner. The School failed in its obligations under federal law to address and/or prevent Arterberry and T.B.'s illegal and predatory behavior.

52. In this regard, Principal Ronna Taylor has acknowledged that the school failed to protect and educate D.S.

53. The bullying suffered by D.S. was so severe, pervasive, and objectively offensive that to deprived him of the educational benefits provided by the school.  This was admitted by Principal Ronna Taylor and is the reason it was necessary for her to instruct the teachers to give D.S. a passing grade.

54. Defendants' violations of Title IX proximately caused D.S. injuries, severe emotional trauma and distress, pain and suffering and the damages sought by Plaintiffs herein.

**COUNT II - CLAIMS FOR VIOLATION OF**
**TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 USC 12101 et. seq) and**
**SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 USC 794 et. seq.)**

55. D.S. is on an IEP with the school as a result of his learning disabilities and a diagnosis of ADHD.

56. D.S. was the target of bullying as due to his mental disabilities.

57. D.S. was placed in the computer class where the events described above occurred as a result of his disability.

58. D.S. was called "retard" and other names by students as a result of his disability.

59. The harassment was so severe, pervasive, and objectively offensive that to deprived him of the educational benefits provided by the school. This was admitted by Principal Ronna Taylor and is the reason it was necessary for her to instruct the teachers to give D.S. a passing grade.

60. The school administration knew of the harassment, as it had been complained of many times.

61. The school administration showed their deliberate indifference by failing to protect D.S. and provide him with an environment that he could learn in.

62. In 2017 - 2018, the school administration placed D.S. and T.B. in in-house suspension together, knowing that T.B. has a previous history bullying behavior with D.S. D.S. was assaulted by T.B. during that time.

63. The school administration further showed their deliberate indifference when D.S. was placed in the same classroom for school year 2018 - 2019 with students that had a past history of bullying and harassing him.

64. Defendants' violations of the ADA and Section 504 proximately caused D.S. injuries, severe emotional trauma and distress, pain and suffering and the damages sought by Plaintiffs herein.

65. Plaintiff is not required to exhaust the administrative remedies because the abuse is entirely in the past as a result of D.S. being home schooled and Zach Arterberry graduating from high school.

66. Plaintiff is not required to exhaust the administrative remedies because seeking compensatory damages through the administrative process would be futile.

67. Plaintiff is not required to exhaust the administrative remedies because he is not seeking non-discriminatory access to the school in this litigation.

## COUNT III - CLAIMS FOR VIOLATION OF
## 42 USC 1983, EQUAL PROTECTION AND SUBSTANTIVE DUE PROCESS

68. Oklahoma Law contains a "School Safety and Bullying Prevention Act, which is codified at 70 OS 24-100.2 et. seq.

69. The School has a Bullying Policy, which is maintained at their website at https://www.berryhillschools.org/media/files/Bullying%20Policy%20511%202016.pdf, which is directly intended to address and resolve the issues complained of by Plaintiff.

70. 70 OS 24-100.4(3) mandates that the bullying policy require employees to have "reliable information that could lead a reasonable person to suspect that a person is the target of bullying shall immediately report to the principal...."

71. 70 OS 24-100.4(9) requires that the school policy require annual training of administrators and teachers.

72. Berryhill School policy requires that all "[s]taff members who witness such events are to complete reports and to submit them to the building principal."

73. The policy allows for the children themselves to report bullying behavior.

74. The policy further requires the investigation of reports that are made anonymously.

75. The policy further requires that if it is determined that a crime was committed, the building principal and/or the superintendent is required to notify law enforcement.

76. Megan Ennis, Ronna Taylor, James Fox, and Brian Hailey acted with reckless indifference to the rights of D.S. because they each failed to comply with the district's anti-bullying policy. This failure resulted in continued bullying and a denial of D.S.'s right to equal protection and substantive due process.

77. Based upon the recurring events in Megan Ennis's classroom, it is apparent that Ronna Taylor, James Fox, and Brian Hailey ignored an obvious need for training.

78. Based upon the recurring events in Megan Ennis's classroom, it is apparent that Ronna Taylor, James Fox, and Brian Hailey failed to adequately supervise Megan Ennis or her classroom.

79. Following the events of April, 2019, Ms. Churchwell (another teacher in the school) told her class that the bullying event that occurred on April 29 was "not a big deal".

80. The attitude expressed by Ms. Churchwell is pervasive in the Berryhill Schools environment and is contrary to the established policy and demonstrates a lack of training.

81. Under Oklahoma law, every person who has reason to believe a child under 18 has been abused is required to promptly report the abuse to the Department of Human Services.

82. The actions of Zach Arterberry toward D.S. constitute both a crime and abuse, yet was unreported by Megan Ennis, Ronna Taylor, James Fox, or Brian Hailey. Their failure to perform the obligations established by both law and policy resulted in a violation of D.S.'s clearly established constitutional rights.

83. The school district and school board's lack of response to the repeated attacks on D.S. constitute deliberate indifference, which resulted in a denial of D.S.'s equal protection rights.

84. The failure of Megan Ennis, Ronna Taylor, James Fox, or Brian Hailey to properly respond to the repeated attacks on D.S. constitute deliberate indifference, which resulted in a denial of D.S.'s equal protection rights.

85. Had the victim of the sexual assaults suffered by D.S. been female, the perpetrator and the incident would have been handled differently.

86. On information and belief, the School and its employees; specifically Megan Ennis, Ronna Taylor, James Fox, and Brian Hailey; handles assaults and bullying against girls differently (and more severely) than they handle assaults and bullying against boys. This disparity in treatment demonstrates discriminatory intent.

87. Despite knowing that Zach Arterberry and T.B. had a history of bullying and assaulting D.S., the school and the administrators placed D.S. in the same classroom with the bullies, thus subjecting D.S. to the risk of further violence at their hands.

88. By creating the risk of further bullying and assault the school and administrators denied D.S. substantive due process.

89. The inaction of the school and its personnel in response to the repeated incidents of bullying has denied D.S. an education, thus violating D.S.'s rights under the Due Process Clause.

## COUNT IV - CLAIMS FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90. Zach Arterberry and T.B. have bullied and assaulted D.S. in school. Each of these incidents was done in public, at school, in the view of other students and teachers.

91. The simulated sexual assaults, specifically, were done in public and were calculated to humiliate the Plaintiff.

92. The actions of Zach Arterberry and T.B. are so extreme and outrageous as to go beyond all bounds of decency and are intolerable in a civilized society. In fact, these actions on their face are so intolerable as to be criminalized under Oklahoma law.

93. The actions of Zach Arterberry and T.B. intentionally or recklessly caused severe emotional distress to D.S. beyond what a reasonable person could endure.

94. The emotional distress was so severe as to resulted in repeated hospitalization, and loss of educational opportunity.

95. Defendants Berryhill Board of Education, Berryhill Public Schools, Megan Ennis, Ronna Taylor, James Fox, and Brian Hailey have a duty imposed by both Oklahoma Law and the Bullying policy to address bullying behavior.

96. The policy requires the reporting of bullying incidents by teachers to administration when they witness or have reason to believe that a student has been the victim of bullying.

97. The policy allows for the separation of the perpetrator from the victim.

98. The policy sets forth the discipline of those involved in bullying, none of which were done prior to the events of April 29, 2019.

99. The lack of action on the part of Defendants Berryhill Board of Education, Berryhill Public Schools, Megan Ennis, Ronna Taylor, James Fox, and Brian Hailey breached the duty that they owed to follow both school policy and the law.

100. As a result of the negligence of Defendants Berryhill Board of Education, Berryhill Public Schools, Megan Ennis, Ronna Taylor, James Fox, and Brian Hailey, D.S. has suffered from extreme emotional distress and humiliation, resulting in repeated hospitalization in a psychiatric hospital suffering from suicidal ideations, depression and other maladies.

## COUNT V - CLAIMS FOR BATTERY

101. D.S. has never consented to be struck or to have any physical or sexual contact with Zach Arterberry or T.S.

102. In 2018, T.B. struck D.S. in the face, resulting in a black eye.

103. In 2018, while in in-house suspension, T.B. struck D.S. in the head with a book and threatened to "whip D.S.'s butt".

104. During the 2017 - 2018 school year, Zach Arterberry pushed D.S. against a wall and punched him in the stomach.

105. In February 2019, Zach Arterberry and T.B. simulated a forced sex act on D.S., by forcing their crotches in his face and touching other parts of his body with their crotches.

106. On April 29, 2019, Zach Arterberry and T.B. taped D.S.'s hands behind his back, attempted to pull D.S.'s pants down. During this attack, Zach Arterberry touched D.S. in the face with his penis.

107. As a result of these batteries, D.S. has suffered damages, including physical injury, humiliation, embarrassment, emotional distress resulting in repeated hospitalization, and loss of educational opportunity.

## COUNT VI - CLAIMS FOR NEGLIGENT TRAINING AND SUPERVISION

108. Oklahoma Law imposes a duty on school districts and school boards to create an anti-bullying policies that are consistent with statute.

109. Both the policy created by the school and state statute require annual training of staff and administrators.

110. The failure of Megan Ennis to report the bullying that she witnessed demonstrates that she has not been adequately trained.

111. Megan Ennis has previously reported to her principal that her classroom was "out of control" and she was not provided with further assistance of personnel or training,.

112. Ms. Churchwell's statements to her class describing the attack on D.S. as "not a big deal" further demonstrates that she is also inadequately trained.

113. Ronna Taylor, James Fox, and Brian Hailey are all persons who have failed to adequately supervise and train Megan Ennis.

114. The school board has failed to ensure that the employees and administrators at the school are adequately trained.

115. Even after being a repeated victim of bullying at the hands of T.B. and Zach Arterberry, the school administration continued to place D.S. in classroom environments with his tormentors, in violation of the Bullying Policy.

116. As a result of these failures, D.S. continued to suffer from regular batteries and continued bullying at the hands of Zach Arterberry and T.B.

117. As a result of the continued bullying and mistreatment, D.S. has suffered damages, including physical injury, humiliation, embarrassment, emotional distress resulting in repeated hospitalization, and loss of educational opportunity.

## **COUNT VII - ACTUAL AND PUNITIVE DAMAGES**

118. The action of each defendant are of the type that should not be tolerated in a civilized society.

119. The actions of defendants Berryhill Board of Education, Berryhill Public Schools, Megan Ennis, Ronna Taylor, James Fox, and Brian Hailey demonstrate deliberate indifference or reckless disregard for the rights of D.S., and therefore deserving of an award of punitive damages.

120. The actions of T.B. and Zach Arterberry were intentional and malicious, and therefore deserving of an award of punitive damages.

WHEREFORE, the Plaintiff prays for judgment against the Defendants in the compensatory amount in excess of $75,000, punitive damages in excess of $75,000, costs and attorney fees associated with this action and any other relief available in law and equity.

Respectfully Submitted,

\_\_/s/ John M. Dunn_____
John M. Dunn,  OBA# 20975
616 South Main, Suite 206
Tulsa, OK 74103
(918) 526-8000
(918) 359-5050 Facsimile
jmdunn@johndunnlaw.com
Attorney for Plaintiff